## *EX PARTE* EVANS

### EVANS v. TOWN OF EDGEFIELD

#### (129 S. E., 210)

INJUNCTION—RETURN TO RULE TO SHOW CAUSE HELD TO SHOW ACTS COMPLAINED OF RELATED TO PROPERTY OTHER THAN THAT COVERED BY RESTRAINING ORDER.—Return to rule, requiring municipal officers to show cause why they should not be attached for contempt in alleged disobedience of order restraining them from entering upon or proceeding to condemn particular land for street purposes, *held* to show that proceedings complained of related to an entirely different road or street on opposite side of plaintiff's property.

Before DeVore J., Edgefield, and Thomas F. McDow, Special Judge, Lexington, October-November, 1924.

Suit by Mary M. Evans to enjoin town of Edgefield from entering upon or proceeding to condemn land for street purposes, wherein a temporary restraining order was issued. On return to rule to show cause why Mayor and other town officers should not be attached for contempt in alleged disobedience of restraining order. Rule discharged.

The following is the return referred to in the opinion:

#### RETURN

Now come J. G. Edwards, Mayor of the town of Edgefield, S. C., and W. C. Tompkins, clerk and treasurer of the town of Edgefield, S. C., and T. B. Greneker as attorney for the town of Edgefield, and for a return to the rule to show cause why they should not be attached for contempt of court, respectfully show unto the court:

(1) That they admit that there is an action pending in this honorable court in which Mary M. Evans is appellant and the Town of Edgefield is respondent, and that the said action grew out of the following notice which was served on the said Mary M. Evans on the 17th day of October, 1924:

#### "NOTICE

"To Mary M. Evans, Landowner:

"You will take notice that the town council in and for the town of Edgefield, S. C., requires a right of way for a

public street over your land situate, lying and being in the said town; the said right of way to begin at a point on the road leading from the residence of Miss Mallie Dorn to the residence of Pierce Sawyer, about 10 feet southeast of a chinaberry tree, then running across your land in a northwestward direction for about 600 feet, 50 feet wide, then following the general course of the road leading by the residence of Mrs. Hattie W. Adams to Columbia street for about 400 feet, 18 to 40 feet wide, coming out of your said land at a point near the front gate of your premises. For the purpose of assessing damages and fixing the compensation therefor the said town council has selected on its part the following: T. H. Rainsford, B. B. Jones, D. J. La Grone, A. E. Padgett, J. H. Allen, E. C. Asbill, as commissioners. Should you neglect or refuse to select and notify the said council or the six commissioners for the like purpose on your part within the period of 10 days from the date of the service hereof, then the commissioners appointed by the said town, or a majority of them shall be, and they are hereby, authorized to proceed to the discharge of the duties herein prescribed.

"[Seal]        JOHN G. EDWARDS [L. S.],
"Mayor of the Town of Edgefield, S. C.
"Attest:
"W. C. Tompkins,
"Clerk and Treasurer of the Town of Edgefield, S. C."

(2) That following the service of the above notice the appellant secured from Judge J. W. DeVore on October 28, 1924, the following order:

"ORDER OF JUDGE DEVORE

"Upon consideration of the verified complaint hereto attached, it is ordered, that the town council of Edgefield, S. C., its agents or servants, by whatever name they may be designated or called, do show cause, if any they can, before the presiding judge of the court of common pleas in and for Lexington County, S. C., at Lexington Courthouse, said State, at 10 o'clock a. m. or as soon thereafter as counsel

may be heard, on the 10th day of November, 1924, why it
should not be enjoined and restrained from entering upon
the premises of the plaintiff and committing any act as so
stated in the said complaint; and it is further ordered that
the said town of Edgefield, S. C., be, and it is hereby, in the
meantime, enjoined and restrained, and its •agents and
servants are enjoined and restrained, from entering upon
the said premises described in the notice and complaint, and
from committing any act of trespass or condemnation there-
on in any manner whatsoever.

"Let a copy of this order, together with the complaint, be
served upon the town council for the Town of Edgefield,
South Carolina.

                                              "J. W. DEVORE,
"Circuit Judge, at Chambers, Edgefield, S. C.

    "October 28, 1924."

(3) That the cause came on to be heard before his honor,
Judge Thos. F. McDow, presiding judge of the Court of
Common Pleas at Lexington, S. C., and upon the hearing
Judge McDow issued, on November 12, 1924, an order dis-
solving and revoking the temporary restraining order of
Judge DeVore and dismissed the complaint, and from that
order the appellant herein appealed to this honorable Court,
and which is now pending.

(4) That in reply to paragraph 2 of the petition herein
these respondents deny specifically that "A temporary in-
junction having heretofore been given against the town of
Edgefield, S. C., by his honor, Judge J. W. DeVore, where-
by the said town of Edgefield, S. C., its officers, agents, and
servants are restrained and enjoined from interfering with
the rights and privileges of the appellant or her privies in any
manner pertaining to her property in the said town of Edge-
field, S. C., was granted, and in further reply thereto these
respondents show to the Court that by the order of Judge De-
Vore the town of Edgefield was only restrained and enjoin-
ed "from entering upon the said premises described in the
notice and complaint, and from committing any act of tres-

pass or condemnation thereon "; that the said petitioner admits in her complaint that she has made an offer of sale to the said town of the said property at a price that is reasonable and just"; that the expression "said property" could only and did only refer to the right of way for the said street, for the worth of the whole property of the petitioner in the town of Edgefield is not under $20,000, and that she offered to sell the "said property" (right of way described in the notice) for $2,500 and the said town offered $100. In further reply these respondents respectfully allege that the order of Judge DeVore could and did only refer to and include the right of way described in the said notice, for at that time, to wit, the date of the issuance of the order of Judge J. W. DeVore no other condemnation proceedings were anticipated by any of the parties hereto, and that therefore it could not have been in the minds of any of the parties involved that the town of Edgefield was to be restrained from exercising its legal right of condemnation and eminent domain over or on any of the other property of the said appellant herein.

(5) These respondents deny specifically that any one or all of them have violated in any way the terms or conditions, either in spirit or letter, the order of Judge DeVore, and deny absolutely and specifically that any or all of them "have violated the terms of the said solemn edict of the court by willfully trespassing upon the said premises, annoying and harrassing the said appellant" in any way or manner whatsoever relating to the order of Judge J. W. DeVore, nor have they or any of them ever in person or by agent or any other manner been upon the said property or right of way over which this court has jurisdiction by virtue of the order of Judge DeVore, and that they and all of them are wholly unconcious of having done or permitted to be done any act or deed in violation of the said order of the court, nor have they done anything which might be construed as a disrespect to this honorable court, but have kept the spirit and the letter of the said order of injunction, al-

though the said appellant has never furnished the undertaking required by statute in such cases, and that these respondents do not believe that the appeal of this appellant would be construed as *supersadeas*, and that the said town has already and is now suffering damages by the injunction.

(6) For a further return these respondents respectfully show unto the court that the petitioner herein is the owner in fee of a tract of land of about 40 acres, as these respondents are informed and believe, and that the said tract lies on the outer part of the said town of Edgefield in the direction of Columbia; that on the northern side it is bounded by Columbia Avenue, and on the southern side by the old road leading to Trenton and thence to Augusta, and that the said streets intersect at a point about one-half mile from the courthouse at Edgefield; that the restraining order of Judge DeVore above referred to and set out grew out of the condemnation proceeding instituted by the said town for a right of way on the Trenton or Augusta road, and not on Columbia Avenue.

(7) That the said town council was informed on or about the middle of December, 1924, for the first time and long after the order of Judge DeVore, that the street known as Columbia Avenue, and being on the extreme opposite side of the property of the petitioner herein from the site of the first condemnation by the said town, would have to be widened before the street could be improved, and that it would be necessary to get from the petitioner herein about 17 feet of her land, which, as above stated, was on Columbia Avenue and entirely distinct and separate from the first right of way desired, and in fact the site on Columbia Avenue was on the opposite side of her place from the site on the Trenton or Augusta road, and that between the condemnation site on the Trenton or Augusta road and the site of the condemnation on Columbia Avenue intervenes the whole farm and residence lot of the said petitioner herein.

(8) That immediately upon the said town council being informed that the said right of way for the widening of Co-

lumbia Avenue was needed, and that amount of land desired was .566 of an acre, the said town council was assembled in session, and it was decided to offer to the said petitioner herein the sum of $100 for the right of way above described on Columbia Avenue. That immediately thereupon two of the respondents herein, T. B. Grenker, attorney for the said town, and W. C. Tompkins, clerk and treasurer of the said town, were instructed to confer with petitioner herein relative to the purchase of said right of way on Columbia Avenue, and to offer her the sum of $100 for said right of way. That thereupon the two respondents above mentioned as directed by the town council, offered to said petitioner herein the sum of $100, and that she refused to accept or reject any offer for said right of way, and refused to accept or reject the offer of the amount of $100 as tendered to her by the two said respondents for the said town council.

(9) That upon the said petitioner making the above refusal, and pursuant to a meeting of the town council of the said town of Edgefield, a notice was served upon the petitioner herein on the 24th day of December, 1924, and that the notice so served, together with the proof of service, is as follows:

"State of South Carolina, County of Edgefield

"Condemnation for Street

"The Town of Edgefield, S. C., v. Mary M. Evans, Landowner. Notice

"You having refused, after being requested by the town of Edgefield to do so, to either accept or reject any offer for the land hereinafter described, and having refused to either reject or accept the offer of the town of Edgefield of the sum of $100 for the land hereinafter described, and having made no offer of sale, you will take notice that the town of Edgefield, S. C., by its town council, requires a right of way for a public street over your land or on the edge of your land situate, lying and being in the said town. That said right of way to begin at station 17.00 on your land in front of the

lands of J. C. Sheppard on Columbia Street in said town, and then down your land towards said town for a distance of 1,450 feet, the said right of way to be 17 feet wide, and to consist of in all 0.566 acres. For the purpose of assessing damages and fixing the compensation therefor, the said town council has selected on its part the following to act as commissioners: T. H. Rainsford, B. B. Jones, J. H. Allen, D. J. La Grone, E. C. Asbill, J. W. Kemp.

"Should you neglect or refuse to select and notify the said council of the six commissioners for the like purpose on your part within the period of ten days from the date of the service hereof, then the commissioners appointed by the said town council or majority of them, shall be and they are hereby authorized to proceed to the discharge of the duties herein prescribed.   JNO. G. EDWARDS [L. S.],

"Mayor of the Town of Edgefield, South Carolina.

"Attest:

"Wallace C. Tompkins [L. S.];

"Clerk and Treasurer of the Town of Edgefield, S. C.

"State of South Carolina, Edgefield County.

*"Affidavit*

"Personally appeared before me Lem Corley, who on oath says that he served the within notice on the within mentioned Mary M. Evans on the 19th day of December, 1924, at her residence in the town of Edgefield, South Carolina, by delivering to and leaving with B. B. Evans, her brother, who at the time was in the residence of the said Miss Mary M. Evans, a copy of the same about 3 o'clock in the afternoon, and that he knows the person so served to be the one mentioned above; deponent further states that he is not related to any party in the action, and that he has no interest therein.

"LEM CORLEY.

"Sworn to befor me this the 24th day of December, 1924.

"[Seal.]      O. B. ANDERSON [L. S.],

"Notary Public for S. C."

(10) That the petitioner herein refused to comply with the terms of the said notice so served upon her, although the said

town council waited much longer than it is required by statute · to do, and it being evident that the said petitioner herein would not comply with the terms of the said notice, T. B. Greneker, attorney for said town council, was instructed to proceed with the matter by the town council, and on the morning of Monday, April 20, 1925, T. B. Greneker, one of the respondents herein as attorney for the town of Edgefield, informed the petitioner herein that the commissioners appointed in the notice above referred to had been called to meet on Friday, April 24, 1925, for the purpose of assessing damages and fixing compensation.

(11) That the commissioners met at the above stated time, and after being duly sworn and having proceeded in accordance with the notice, made the following findings: "We the commissioners in the above matter, have been duly appointed and sworn, do hereby find three hundred ($300.00) dollars as full compensation to Mary M. Evans for the right of way over her land in the above matter, the said right of way to contain five hundred sixty-six thousandths (.566) of an acre as set out in the notice."
Signed:   THOS. H. RAINSFORD, D. J. LA GRONE, J. W. KEMP, B. B. JONES, J. H. ALLEN, E. C. ASBILL, Commissioners."

(12) That thereupon your respondent W. C. Tompkins, as clerk and treasurer, was instructed by the said commissioners to deliver to the petitioner herein the amount so found by them, and your respondent did deliver to the said petitioner a check for $300 as found by the commissioners.

(13) That the petitioner took the check, but afterwards on the same day returned the said check by registered mail to your respondent W. C. Tompkins with the following letter: "Mary M. Evans, Oakley Park, Edgefield, S. C.

"Mr. Wallace Tompkins,   Clerk of Town Council—
"Dear Wallace: I refuse check as I do not think it right compensation.

> "Yours truly,                    MARY M. EVANS.
> "April 24, 1925."

(14) As a further return these respondents show to the Court that the letter above referred to does not indicate any idea or thought on the part of petitioner that your respondents had violated any order of this honorable court, but does express very cleverly that her idea was to get more money, and had the award been as large as she thought it ought to have been, that the check would have been gladly accepted; and the respondents further show to the Court that the commissioners selected on the part of the town of Edgefield in the matter were the leading business men of the said town, the said commissioners consisting of three bankers, two merchants, and one salesman, all except one being lifelong citizens of Edgefield.

(15) In further reference to paragraph 3 of the petition herein, these respondents and each of them deny specifically that they have ever entered upon any of the property of the said Mary M. Evans or trespassed thereon or annoyed or harassed the petitioner against or in disrespect of the order of Judge J. W. DeVore, or any order issued by this Court, or that they have done anything relating to the property or person of the petitioner herein contrary to the orders of the Court of this State, and that the petition as sworn to by the attorney for the petitioner herein is incorrect, and is not based on the facts in the matter, as the two proceedings above set out are entirely separate and distinct, one having nothing to do with the other, and that these respondents show to the Court that this honorable body has no jurisdiction over the condemnation proceedings instituted for a right of way on Columbia Avenue, as this proceeding is brought under a special statutory tribunal.

(16) That these respondents were acting for the good of the public, and were not financially interested in any proceedings above mentioned, but that they allege that they were performing their solemn duty as they were sworn to do; and these respondents further show to the Court that they would have only been too glad had Judge DeVore's order settled all present and future injunction proceedings

growing out of the condemnation proceedings against the lands of the petitioner herein, but the town council of the town of Edgefield had every reason to believe, and believes now, that the petitioner herein will in due time apply to the Courts for a further order of injunction to stop the said town from acquiring a right of way on her property along Columbia Avenue, and that it is the purpose of the said petitioner to delay the construction of the streets of the said town as much as possible.

(17) And these respondents say, finally, that they have not intended by any act done, or in any proceeding instituted or in any conduct on their part in this matter, to treat with disrespect the orders or mandates of this Court, or any inferior Court, or any justice thereof, or to offer any indignity to the Court itself, or to any justice thereof, or to defeat or render futile any proceedings before it, or to hurt or destroy or injure or damage the property or person of this petitioner or any part thereof or have they or either of them, or the said town of Edgefield, tried or endeavored to circumvent any order of this Court with a view of defeating any proceeding instituted by the petitioner herein except as they are permitted by the Courts to do.

Wherefore these respondents pray, and so move, that the rule to show cause be dismissed, and that the temporary restraining order against the town of Edgefield, S. C., be dissolved.

T. B. GRENEKER, Respondents' Attorney.

*Mr. Barnard B. Evans* for appellant.

*Mr. T. B. Greneker* for respondent,

August 13, 1925

The opinion of the Court was delivered by Mr. JUSTICE COTHRAN.

This is a rule issued out of this Court requiring the mayor, clerk, and treasurer and attorney of the town of Edgefield to show cause why they should not be attached for contempt of court in an alleged disobedience of a certain restraining order issued by Judge DeVore.

The circumstances under which Judge DeVore's order was passed are explained in the opinion in the main cause, and need not be repeated.

The return of the respondents to the rule clearly shows that the proceedings claimed by the petitioner to constitute a disobedience of the order of Judge DeVore related to an entirely different road or street on the opposite side of the plaintiff's property from that affected by the former condemnation proceeding.

It is adjudged by this Court that the return is sufficient, and the rule is discharged.

MESSRS. JUSTICES WATTS and MARION, and R. O. PURDY, A.A.J., concur.

MR. CHIEF JUSTICE GARY, disqualified.